IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES D. CORNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:17-cv-335-MHT-GMB |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, *et al.*, | ) |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff James D. Cornett filed a *pro se* complaint on May 22, 2017, alleging that he was discharged because of his race in violation of Title VII of the Civil Rights Act of 1964. Doc. 1. On June 28, 2017, Defendants Alabama Department of Transportation, Alabama State Personnel Department, and Department of Corrections moved to dismiss Cornett's complaint, arguing that he failed to exhaust his administrative remedies and failed to state a claim upon which relief can be granted. Doc. 12.

The court ordered Cornett to respond to Defendants' motion to dismiss by July 12, 2017. Doc. 16. On June 30, 2017, Cornett responded by filing what the court interpreted to be a motion for voluntary dismissal. Doc. 20. As a result, on July 5, 2017, the court dismissed this matter without prejudice. Doc. 21.

On July 24, 2017, Cornett filed a response to the court's July 5, 2017 judgment, explaining that he did not recall moving to dismiss his claims and that he would like to proceed with his lawsuit. Doc. 22. The next day, Cornett also filed a motion to postpone further litigation until he could return to his teaching position and hire a lawyer. Doc. 23.

On January 2, 2018, Cornett's post-judgment motions (Docs. 22 & 23) were referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation as may be appropriate. Doc. 24.

On January 11, 2018, the undersigned denied Cornett's motion to continue to the extent he requested a general stay of the case until he could return to his teaching job and hire an attorney. Doc. 25. The court also denied Cornett's motion to the extent he sought legal advice from the court. Doc. 25. However, to the extent Cornett's motion requested to set aside the voluntary dismissal of his lawsuit, the court ordered Defendants to show cause why that motion should not be granted by January 22, 2018. Doc. 25. Defendants filed a timely response arguing that the voluntary dismissal of Cornett's complaint should not be set aside for the reasons stated in Defendants' previously filed motion to dismiss. Doc. 26.

Rule 60 of the Federal Rules of Civil Procedure provides a party with an avenue to seek relief "from a final judgment, order, or proceeding" based on, among other things, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). Viewing the record of this case as a whole, it is now apparent that Cornett did not intend to request the dismissal of his claims. Most importantly, Cornett has now filed a pleading unequivocally stating that he "would like to proceed with this action" and "do[es] not recall filing for a motion to dismiss [his] claim." Doc. 22 at 1–2.

Accepting these representations as indicative of Cornett's true intent, the undersigned has reviewed the pleading originally interpreted as a motion for voluntary

2

dismissal. Doc. 20.  With fresh eyes, the undersigned finds that Cornett's motion is better construed as a specific response to the court's order allowing him to proceed *in forma pauperis*.  That Order, which issued on June 2, 2017, advised Cornett of the limited nature of his *in forma pauperis* status and his responsibility for future litigation expenses. *See* Doc. 6.  In this light, the undersigned finds that Cornett's references in the motion for voluntary dismissal to "financial matters" and a desire "to withdraw my request" were likely intended to refer to his *in forma pauperis* application rather than his complaint. *See* Doc. 20.

Of course, the lack of clarity in Cornett's motion was the source of the court's confusion and, ultimately, the reason a judgment was inadvertently entered against him.  But "'Rule 60(b) motions are directed to the sound discretion of the district court,'" *Davis v. Markley*, 2014 WL 12650929, at *1 (N.D. Ga. Aug. 12, 2014) (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849 n.2 (11th Cir. 1996)), and "Rule 60(b) is to be given a liberal and remedial construction." *Nisson v. Lundy*, 975 F.2d 802, 807 (11th Cir. 1992).  The undersigned finds that Cornett has made a sufficient showing under Rule 60(b)(1) to set aside the dismissal of his lawsuit based upon mistake or inadvertence.  To the extent Rule 60(b)(1) is limited to mistakes or inadvertence in the court's application of law, the undersigned finds that Cornett has still made a sufficient showing under the catchall provision of Rule 60(b)(6) to set aside the dismissal of his lawsuit.

Accordingly, for these reasons, the undersigned RECOMMENDS that:

1. Cornett's motion to set aside the court's July 5, 2017 dismissal and final judgment (Doc. 23) be GRANTED, that the July 5, 2017 final judgment be SET ASIDE,

and that this lawsuit be allowed to proceed; and

2. Cornett's motion for voluntary dismissal (Doc. 20) be CONSTRUED as a Motion to Vacate the Court's Order of June 2, 2017 (Doc. 6) and a Motion to Withdraw Cornett's Motion to Proceed *in Forma Pauperis* (Doc. 2), with both motions remaining pending and will be addressed in the event this recommendation is adopted.

It is further ORDERED that Cornett's motion to reconsider the court's January 11, 2018 order (Doc. 27) is DENIED.

In an effort to avoid similar confusion in the future, Cornett is reminded that he is obligated to follow the Federal Rules of Civil Procedure, which can be accessed free of charge on the court's website at www.almd.uscourts.gov. Any motion filed with the court must be captioned with the court's name, a title, and a file number. *See* Fed. R. Civ. P. 7(b)(2) & 10(a). A motion must also clearly state the relief sought. *See* Fed. R. Civ. P. 7(1)(1)(C). Cornett also is instructed not to mail filings directly to the undersigned's chambers; rather, any future filings should be addressed and mailed directly to the Clerk of Court.

Finally, the parties are ORDERED to file any objections to the report and recommendation no later than **February 28, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 14th day of February, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE