IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES D. CORNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-335-MHT-GMB |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters. Doc. 5. Plaintiff James Cornett filed this lawsuit on May 22, 2017 alleging discrimination on the basis of race in his termination from employment. Doc. 1. In response to this court's Order, Cornett filed an amended complaint on July 23, 2018, which continues to allege discrimination on the basis of race stemming from Cornett's termination. Doc. 40. Now before the court is the Defendants' Motion to Dismiss (Doc. 12) the original complaint, along with the Motion to Dismiss Amended EEOC Complaint. Doc. 41. After careful consideration of the parties' submissions and the applicable law, the undersigned RECOMMENDS that the motion to dismiss (Doc. 12) be DENIED as moot in light of the amended complaint, and that the motion to dismiss the amended complaint (Doc. 41) be GRANTED.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2017, Cornett filed a complaint in this court alleging discrimination on the basis of his race due to his termination from his employment with the Alabama Department of Corrections. The complaint indicates that this termination occurred in spring 1983. Doc. 1 at 2. Attached to the complaint is an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination dated June 13, 2016. Doc. 1-1.

In response to a motion to dismiss filed by the Defendants, the court ordered Cornett to file an amended complaint. The court specifically directed Cornett as follows:

> Here, Cornett has named three separate defendants in his complaint, but does not separate claims into separate causes of action with supporting factual allegations, making it impossible to know which factual allegations serve as the basis for each cause of action against each defendant. The complaint is accompanied by a three-page narrative including facts which are vague, conclusory, and immaterial to any viable claim. Cornett also invokes the fourteenth amendment in his response to the motion to dismiss, but there is no reference to that provision in his complaint. Cornett's claims should be divided into separate counts, and each count must contain the relevant factual allegations supporting the claim for that count only.
> Although Cornett will be allowed to amend his complaint, there are a number of potentially fatal legal flaws that could subject Cornett's suit to a recommendation of dismissal. Cornett references his termination that occurred in 1983—long before the cutoff for his June 2016 EEOC charge of discrimination. Also, to the extent that Cornett intended to bring an equal protection claim pursuant to 42 U.S.C. § 1983, there is a two-year statute of limitations for § 1983 claims in Alabama. Cornett refers in his brief to a notice he received in separate litigation against ALDOT which he contends extended the statute of limitations in this case, but that document is not

> referenced in the complaint or provided in his attachments. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (stating that "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred"). Cornett also appears not to have received a notice of right to sue letter in response to his June 2016 EEOC charge. By amending his complaint, Cornett will have the opportunity to address these concerns and demonstrate his entitlement to relief in federal court.

Doc. 39.

On July 23, 2018, Cornett filed an Amended EEOC Complaint. The caption of the amended complaint again lists as defendants the Alabama Department of Transportation, the Alabama Department of Corrections, and the State of Alabama Personnel Department, but the body of the complaint does not set out separate claims against each defendant. Doc. 40. Cornett elsewhere alleges that his "complaint is against the Kilby Correctional Facility and the State of Alabama Personnel" Department and that he "never worked for the Dept. of Transportation." Doc. 40 at 2. He states that he had a case set on a federal court docket in 1983 but the court ruled against him because his attorney did not appear for the court date, so he "must have received a Right to Sue letter." Doc. 40 at 4. He alleges that he received "Recertification and Statute of Limitations literature" in the mail and this paperwork caused him to file the current lawsuit. Doc. 40 at 4.

Regardless of the procedural posture, the substance of Cornett's allegations is that his employment at the Kilby Correctional Facility was terminated sometime prior to 1983 because of his race. *See* Docs. 40 at 2 ("The alleged discrimination occurred on or about Spring 1983.") & 44 at 1 (clarifying that his termination occurred in 1979).

### III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

### IV. DISCUSSION

The defendants have moved for dismissal on the grounds that the lawsuit has not been filed within the appropriate time period, that Cornett has failed to cure the deficiencies noted by the court in its prior Order, and that Cornett's amended complaint fails to state a claim. Because the first two grounds amount to independent and sufficient bases for dismissing Cornett's claims, the court does not reach the defendants' third argument.

The defendants are correct to argue that Cornett's amended complaint does not comply with the court's previous instructions to state the basis of his claims and to separate

his claims into separate counts. Cornett does not allege with any specificity how the defendants violated his rights. In fact, the amended complaint contains no specific allegations directed to the Department of Corrections or the State Personnel Department. Doc. 40. From the face of the amended complaint, Cornett's allegations are not a "short and plain statement" of the claims showing that he is entitled to relief, as required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). His amended complaint also does not comply with Rule 10 of the Federal Rules of Civil Procedure, which requires a plaintiff to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

"Although civil litigants who represent themselves ('*pro se*') benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Gresham v. AT&T Corp.*, 2014 WL 12513899, at *1 (N.D. Ga. Feb. 2, 2015). Cornett's amended complaint does not comply with the court's prior Order or Rules 8 and 10 of the Federal Rules of Civil Procedure, and is due for dismissal on that basis. *See Murphy v. Colley*, 2017 WL 1362035, at *4 (M.D. Ala. Jan. 13, 2017), *adopted*, 2017 WL 436391 (M.D. Ala. Feb. 1, 2017) (dismissing claims for failure to comply with Rules 8 and 10).

Furthermore, Cornett's amended complaint does not establish that his claims are properly before the court. Individuals bringing claims under Title VII for discrimination in employment must exhaust their administrative remedies, including filing an EEOC

5

charge within 180 days of the challenged employment action. 42 U.S.C. § 2000e-5(e)(1); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). A plaintiff also must file a lawsuit within 90 days of receiving a notice of right to sue letter from the EEOC. *See Forehand v. Fla. St. Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). The exhaustion rule is subject to equitable modification only in appropriate circumstances. *Id.* In addition, claims for violations of the United States Constitution brought under 42 U.S.C. § 1983 must be brought within two years of the challenged conduct. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011).

It is apparent that Cornett's lawsuit is untimely under any measure. First, this case was not filed within 90 days of the Cornett's original right to sue letter, even if he did receive one, since Cornett alleges that this letter must have preceded his 1983 federal lawsuit. Doc. 40 at 4. Second, the 2016 EEOC charge could not have been filed within 180 days of conduct that occurred prior to 1983. Finally, Cornett plainly filed this 2017 lawsuit more than two years after the alleged constitutional violation.

Cornett explains this delay by noting that he filed suit in 2017 because of correspondence he received relating to case number 85-T-665-N. Doc. 40 at 7. That case is a class action against the Alabama Department of Transportation. *See Reynolds v. Roberts*, 202 F.3d 1303 (11th Cir. 2000). But Cornett has alleged in the amended complaint, and reiterated in his briefing, that he does not have a claim against the Alabama Department of Transportation because he never worked for that department. Doc. 40 at 2 & Doc. 44 at 1. To the extent, therefore, that Cornett is relying on any activity in *Reynolds v. Roberts* to support equitable modification or tolling in this case, his reliance is misplaced

because "[o]nly where there is complete identity of the causes of action" does the filing of an EEOC charge provide protection against the running of the statute of limitations. *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 467 n.14 (1975). The court therefore recommends that the motion to dismiss the amended complaint be granted because Cornett has not shown that he has properly exhausted his administrative remedies under Title VII or has timely filed his constitutional claims.

## V. CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The Motion to Dismiss (Doc. 12) be DENIED as moot in light of the filing of the amended complaint.

2.   The Motion to Dismiss (Doc. 41) be GRANTED and the Plaintiff's claims dismissed with prejudice.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than September 19, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation

and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 5th day of September, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE